UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Nos. 7:08-CR-136-BR
7:11-CV-203-BR

STANLEY GARFIELD WILLIAMS, JR., )
)
    Petitioner, )
)
        v. )      <u>O R D E R</u>
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

       This matter is before the court on the government's motion to dismiss petitioner's motion filed under 28 U.S.C. § 2255. Petitioner filed a response in opposition to the government's motion.

       On 3 February 2009, petitioner pled guilty to conspiracy to commit wire and mail fraud and conspiracy to commit money laundering. On 6 October 2009, the court sentenced petitioner to a term of 70 months imprisonment. Judgment was entered on 13 October 2009. Petitioner did not appeal.

       Petitioner initially filed a § 2255 motion, with supporting documentation, on 27 September 2011. Because that motion was not on the correct form, the court ordered petitioner to file a new motion on the correct form. Petitioner did so on 11 October 2011.

       The government contends that the motion should be dismissed as untimely. A one-year statute of limitations applies to a motion filed under § 2255. 28 U.S.C. § 2255(f). That limitations period begins running from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of

> the United States is removed, if the movant was prevented from
> making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by
> the Supreme Court, if that right has been newly recognized by the
> Supreme Court and made retroactively applicable to cases on
> collateral review; or
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

Id.

Because petitioner did not appeal, his judgment of conviction became final ten days after judgment was entered, or on 27 October 2009. See Clay v. United States, 537 U.S. 522, 524-25 (2003) (conviction becomes final after time period to appeal or seek review has concluded); Fed. R. App. P. 4(b)(1)(A) (2008) (ten-day period to appeal criminal judgment); Fed. R. App. P. 26(a) (2008) (with time periods of ten days, weekends and holidays do not count in the calculation).[1] He therefore had until 27 October 2010 to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). Petitioner did not do so. Rather, he filed a petition nearly one year after the limitations period under § 2255(f)(1) expired.

Petitioner suggests that his motion is timely under § 2255(f)(4) as he filed within one year of discovery of the facts supporting his claims. (See Pet., DE # 200, at 11; Resp., DE # 209, at 2.) The court disagrees. The claims petitioner raises are all based on ineffective assistance of counsel. He alleges that counsel failed to: (1) consult with petitioner about an appeal and thus did not file a notice of appeal; (2) object to petitioner's criminal history in the presentence sentence report after petitioner had advised counsel it was incorrect; and (3) to argue for specific

---

[1] Since entry of the judgment here, the cited rules have been amended, effective 1 December 2009. The appeal period is now fourteen days, Fed. R. App. P. 4(b)(1)(A), and weekends and holidays are now included in the time period calculation, id. 26(a)(1)(B).

performance of the plea agreement's provision regarding a three-level downward adjustment for acceptance of responsibility. (Pet., DE # 200, at 4, 5, 7; see also Aff., DE # 197-2.) Petitioner had knowledge of the factual basis supporting these claims at the time of sentencing or immediately thereafter. (See id.) Therefore, § 2255(f)(4) does not provide petitioner with a later starting date of the limitations period.

Petitioner contends that he is entitled to equitable tolling of the limitations period. (Pet., DE # 200, at 11.) "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (citation omitted). Petitioner cannot meet either of these requirements.

Initially, petitioner asserts that equitable tolling is warranted because his counsel never provided petitioner with the documentation he had requested, which documentation was necessary to perfect his habeas corpus claims. (Pet., DE # 200, at 11.) Significantly, petitioner does not detail when and what efforts he undertook to contact counsel. More importantly, he does not identify what specific documents he needed from counsel to file his § 2255 motion. Although some courts have found extraordinary circumstances exist based on attorney misconduct, see, e.g., United States v. Martin, 408 F.3d 1089, 1095-96 (8th Cir. 2005) (finding equitable tolling appropriate where attorney misled petitioner about the existence of § 2255's deadline, completely failed to communicate with petitioner, neglected to file a § 2255 motion, and failed to return original documents petitioner had sent to counsel for the motion), the court is hesitant to find such circumstances here based on counsel's purported failure to provide "all the necessary requests for discovery, casefile notes, and relevant information to collaterally attack

[the] sentence," (Resp., DE # 209, at 2.) As noted previously, the facts supporting petitioner's claim were known to him at his sentencing and shortly thereafter. Those facts within petitioner's own knowledge are all he needed to set forth his habeas corpus claims. The preprinted form petitioner was required to complete instructs as much: "Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.)." (Pet., DE # 200, at 4.) Petitioner has not shown that he diligently tried to obtain necessary documents from counsel nor has he shown that the failure of counsel to provide certain documents is an extraordinary circumstance sufficient to equitably toll § 2255's limitations period.

Petitioner also claims initially that equitable tolling is warranted because he is "actually innocent" of a prior conviction which was used to enhance his sentence. (Pet., DE # 200, at 11.) Most courts do not recognize actual innocence as a ground for equitable tolling of § 2255's limitations period, see Huskins v. United States, No. 2:06CR35-1, 2011 WL 6296588, at *2 (W.D.N.C. Dec. 16, 2011) (collecting cases), and this court will not do so under the circumstances of this case.

In response to the government's motion to dismiss, petitioner declares for the first time that equitable tolling is warranted based on his being confined in the special housing unit ("SHU") from 31 August 2010 through 4 May 2011 and, contrary to his first declaration and memorandum in support, because he specifically instructed counsel to file a notice of appeal and was led to believe counsel had done so. (Compare Pet., DE # 200, at 11; Mem., DE # 197-1, at 6; Aff., DE # 197-2, ¶ 6, with Resp., DE # 209, ¶¶ 1, 2.) Being placed in the SHU or other administrative segregation does not normally constitute a basis for equitable tolling. See Prescod v. Brown, No. 10 Civ. 2395 (SHS) (AJP), 2011 WL 182063, at *4 (S.D.N.Y. Jan. 20, 2011)

4

(report and recommendation) (collecting cases), adopted, 2011 WL 497855 (S.D.N.Y. Feb. 10, 2011). The court notes that petitioner was *not* in the SHU for the majority of the time that the limitations period was running (i.e., ten months), and petitioner has not shown why he could not file his § 2255 motion during that time.

Additionally, while the court questions the veracity of petitioner's recent declaration that he instructed counsel to file a notice of appeal, the court will address it nonetheless. Accepting the truth of this declaration, simply because petitioner may have believed an appeal was pending is not in and of itself a sufficient ground to invoke the doctrine of equitable tolling. Rather, petitioner must show why he could not have learned that counsel failed to file the notice of appeal within the limitations period. In other words, petitioner must show that he diligently pursued inquiry into the status of the appeal. See United States v. Galindo, 406 F. App'x 322, 324 (10th Cir.) (unpublished) (affirming district court's refusal to hold evidentiary hearing and conclusion that § 2255 motion was time barred where petitioner had asked his attorney to appeal and in fact believed his sentence had been appealed, yet petitioner took no action to inquire as to the status of appeal), cert. denied, 131 S. Ct. 2466 (2011); United States v. Prieto, No. 2:05-cr-139, 2012 WL 12539, at *3 (N.D. Ind. Jan. 3, 2012) (denying § 2255 motion as untimely where petitioner had provided no explanation of why he could not have taken action before limitations period expired even though he had instructed attorney to continue the appeal process "until all the options were exhausted"). Petitioner has made no such showing.

In sum, petitioner's § 2255 motion is untimely, and the court finds that petitioner is not entitled to equitable tolling of the limitations period.

The government's motion is ALLOWED, and the § 2255 motion is DISMISSED. The

court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 9 April 2012.

						_____
						W. Earl Britt
						Senior U.S. District Judge